1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JUAN CARLOS GIL GOMEZ,** | ) | **1:06-cv-00338-LJO WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **vs**. | ) | **MOTION TO DISMISS** |
| | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS** |
| **E. S. ALAMEDA, JR.,** | ) | |
| | ) | **[Doc. 9]** |
| **Respondent.** | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

        Petitioner is a federal  prisoner proceeding pro se with a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate

Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court

is Respondent's motion to dismiss.

### BACKGROUND

        Petitioner contends that prison officials at Kern Valley State Prison ("KVSP")

improperly confiscated his personal property when he was sent to the security housing unit

("SHU") as the result of a disciplinary violation.  He alleges that the prison staff's actions

1  violated due process and the Fourth Amendment's prohibition against warrantless searches

2  and seizures.

3  **LEGAL STANDARDS**

4  JURISDICTION

5  Relief by way of a petition for writ of habeas corpus extends to a person in custody

6  pursuant to the judgment of a state court if the custody is in violation of the Constitution or

7  laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams

8  v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of

9  his rights as guaranteed by the United States Constitution.  In addition, the conviction

10 challenged arises out of Kern County, which is located within the jurisdiction of this court.

11 28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

12 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

13 Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

14 enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522

15 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

16 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

17 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

18 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

19 The instant petition was filed after the enactment of the AEDPA, thus it is governed by its

20 provisions.

21 STANDARD OF REVIEW

22 This court may entertain a petition for writ of habeas corpus "in behalf of a person in

23 custody pursuant to the judgment of a State court only on the ground that he is in custody in

24 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

25 The AEDPA altered the standard of review that a federal habeas court must apply

26 with respect to a state prisoner's claim that was adjudicated on the merits in state court.

27

28  2

Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss the petition on the ground that the claim that prison officials improperly confiscated Petitioner's property is unexhausted, and on the ground that the petition fails to state a cognizable claim. Petitioner opposes the motion.

3

1      A petitioner who is in state custody and wishes to collaterally challenge his conviction

2  by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

3  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

4  court the initial opportunity to correct the state's alleged constitutional deprivations.

5  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,

6  455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

7  Cir. 1988).

8      A petitioner can satisfy the exhaustion requirement by providing the highest state

9  court with a full and fair opportunity to consider each claim before presenting it to the federal

10  court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88

11  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given

12  a full and fair opportunity to hear a claim if the petitioner has presented the highest state court

13  with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887,

14  888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992)

15  (factual basis). Additionally, the petitioner must have specifically told the state court that he

16  was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888;

17  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

18      In this case, it is undisputed that Petitioner did not present his claim that prison

19  officials improperly confiscated his legal property to the California Supreme Court.  Since

20  2005, when Petitioner alleges that prison officials confiscated his property, he has filed only

21  one habeas corpus petition in the California Supreme Court.  That petition concerned a

22  request that the court vacate a prior order dismissing his appeal from his conviction.  The

23  court finds, therefore, that Petitioner has not exhausted state judicial remedies concerning the

24  property claims he raises in the present petition.

25       Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. §

26  2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available

27

28                                              4

1   State corrective process; or (ii) circumstances exist that render such a process ineffective to

2   protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has

3   not waived exhaustion.  In addition, Petitioner has not demonstrated that California provides

4   no avenues for Petitioner to pursue his claim.  Finally, there are not sufficient circumstances

5   in this case for the Court to ignore the United States Supreme Court's admonishment that

6   comity demands exhaustion and find that California's corrective processes are ineffective to

7   protect Petitioner's rights.

8        In addition to correctly alleging that Petitioner's claim is not exhausted, Respondent

9   contends that the claim is not cognizable on habeas.  A federal court may only grant a petition

10  for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the

11  Constitution . . . ." 28 U.S.C. § 2254(a).  "According to traditional interpretation, the writ of

12  habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v.

13  Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86

14  (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

15  Petitioner's allegations, however, do not make such attacks.  In alleging that prison officials

16  improperly confiscated his property, Petitioner challenges the conditions of his confinement,

17  not the fact or duration of that confinement. Further, he requests the court to order

18  Respondent to return the confiscated property, not to alter the duration of his confinement.

19  Thus, his claim is not appropriate for habeas corpus relief.  Challenges to the conditions of

20  confinement are more appropriately raised in civil rights action filed pursuant to  42 U.S.C.

21  § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Crawford v. Bell, 599 F.2d at 891-

22  92 (9th Cir. 1979).

23

24  Based on the foregoing, IT IS HEREBY RECOMMENDED:

25  1)     that Respondent's motion to dismiss be GRANTED:

26  2)     that the petition for writ of habeas corpus be DISMISSED for failure to exhaust state

27

28            5

judicial remedies and for failure to state a cognizable claim;

3)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 18, 2008              /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE